# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Originally Filed: March 3, 2025
Reissued for Public Availability: April 21, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JUNIOUS NIELSEN,                    *       PUBLISHED
                                    *
               Petitioner,          *       No. 24-0759V
                                    *
v.                                  *       Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *       Dismissal Decision; Failure to Prosecute;
AND HUMAN SERVICES,                 *       Insufficient Proof.
                                    *
               Respondent.          *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Junious Neilsen, pro se, Dallas, TX, for Petitioner.
Heather Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION**[1]

## I.    INTRODUCTION

On May 13, 2024, Junious Nielsen ("Petitioner") filed a petition ("Complaint"),[2] pro se, for compensation in the National Vaccine Injury Program, 42 U.S.C. §§ 300aa-1 to 34 (2018). In the petition, Petitioner alleges that he "felt sick and [] went to the hospital [] for treatment" as a result of human papillomavirus ("HPV") vaccinations administered to him on June 1, 2017, November 8, 2017, and July 25, 2023.  Petition at 1 (ECF No. 1); Cover Sheet at 1 (ECF No. 1-1).  On May 30, 2024, Petitioner filed an amended petition alleging that he suffered migraines, shoulder injury, anaphylaxis, and chronic fatigue as a result of human papillomavirus ("HPV")

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on March 3, 2025, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the Court's website.

[2] Petitioner identified his initial filings and amended filings as "Complaints."  Since he alleged a vaccine injury, these filings were identified as Petitions when filed into the docket, consistent with The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

vaccinations administered on the same dates he listed in the original petition (June 1, 2017, November 8, 2017, and July 25, 2023).[3]  Amended ("Am.") Petition at 1 (ECF No. 9).

Based on the reasons set forth below and in the Show Cause Order dated December 10, 2024, and for failure to comply with the Show Cause Order, the undersigned **DISMISSES** this case for failure to prosecute and insufficient proof.

Moreover, the undersigned finds that Petitioner has failed to prove by preponderant evidence that the vaccinations allegedly administered to him caused any injury.  See Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1280 (Fed. Cir. 2005).  Thus, the undersigned finds Petitioner is not entitled to compensation.

## II.    BACKGROUND

### A.    Procedural History[4]

As described above, Petitioner filed his petition on May 13, 2024, followed by medical records and an amended petition.  Petition; ECF Nos. 7-8, 10, 17;[5] Am. Petition.  Petitioner filed status reports in July and August 2024.  Petitioner's Status Report, filed July 16, 2024 (ECF No. 13) ("Pet. July Status Rept."); Petitioner's Status Report, filed August 29, 2024 (ECF No. 16) ("Pet. Aug. Status Rept.").

This case was reassigned to the undersigned on September 10, 2024.  Notice of Reassignment dated Sept. 10, 2024 (ECF No. 20).  A status conference was held on October 9, 2024.  Order dated Oct. 9, 2024 (ECF No. 22).  During the status conference, Petitioner indicated that to the best of his knowledge, all medical records had been filed.  Id. at 2.  Given that, Respondent was directed to file a responsive pleading within 60 days.  Id.  The undersigned also noted that there may be a statute of limitations issue in this case.  Id.

On December 8, 2024, Respondent filed his Rule 4(c) Report, stating "this case is not appropriate for compensation under the terms of the Vaccine Act" and recommended the case be dismissed.  Respondent's Report ("Resp. Rept.") at 2 (ECF No. 24).[6]  Upon review of Petitioner's petition, medical records, and Respondent's Rule 4(c) Report, the undersigned found deficiencies in Petitioner's claim and issued an Order to Show Cause on December 10, 2024.  Order to Show Cause dated Dec. 10, 2024 (ECF No. 25).  Petitioner was directed to submit any medical records or other evidence showing why his petition should not be dismissed by no later

---

[3] These dates of vaccination are also supported by the medical records filed by Petitioner.

[4] On the same date that he filed this petition, Petitioner also filed a separate petition, Case No. 24-0753V, alleging injury from influenza vaccinations.

[5] The undersigned will use ECF numbers to reference Petitioner's records.

[6] On November 19, 2024, Respondent filed a motion to consolidate Petitioner's cases, Case No. 24-753V and Case No. 24-759V.  Resp. Motion to Consolidate, filed Nov. 19, 2024 (ECF No. 23).  Given the undersigned's findings here, the motion to consolidate is **MOOT**.

than Friday, January 24, 2025.  Id. at 3.  Petitioner was instructed that a failure to file any evidence in response to the Show Cause Order by Friday, January 24, 2025 would be interpreted as an inability to provide supporting documents for his claim and the petition would be dismissed.  Id.

Petitioner has not filed any additional documents in compliance with the Order to Show Cause.

This matter is ripe for adjudication.

### B.    Factual History

#### 1.    Medical Records

Because Petitioner alleges he suffered migraines, shoulder injury, anaphylaxis, and chronic fatigue as a result of his HPV vaccines, the undersigned largely focuses on those conditions.

Petitioner received his first HPV vaccine in his right deltoid on June 1, 2017.  ECF No. 7 at 1.

Petitioner received his second HPV vaccine in his right deltoid on November 8, 2017. ECF No. 7 at 1.

On June 11, 2020, Petitioner presented to Jasdeep Bajwa, D.O., for a "follow-up visit regarding concern for cancer screening in additional to a chronic onset of snoring, non-refreshfull [sic] sleep and difficulty concentrating throughout the day."  ECF No. 17 at 1-2.  He reported he was snoring often and waking up "feeling tired and not refreshed."  Id. at 1.  With regard to his issues related to concentration, Dr. Bajwa wrote "20 pound weight gain and generalized fatigue could be a symptom of possible anemia or hypothyroidism" and ordered bloodwork.  Id.  Dr. Bajwa also ordered a sleep study to rule out obstructive sleep apnea.  Id.

Petitioner provided five pages[7] of VA Medication History and VA Problem List.  ECF No. 10.  This list included medications ibuprofen 400 mg "as needed for pain/inflammation" that was filled once in January 2021 before expiring and acetaminophen 500 mg "as needed for pain" that was filled once in November 2020 and once in January 2021 before expiring.  Id. at 2-3. The source of Petitioner's pain was not indicated.  See id.

On July 6, 2021, Petitioner presented to Jennifer Maguire, M.D., for a neurology referral for his headaches/migraines.  ECF No. 17 at 4.  Petitioner reported a throbbing sensation in the frontal and temporal sides of his head.  Id.  He described it as "someone [] getting a vice grip and squeezing his head."  Id.  His headaches occurred four times per week, lasting approximately 30 minutes.  Id.  He reported difficulty focusing, occasional blurry vision, some nausea and vomiting a few times with the headaches, phonophobia, and photophobia, and he found sitting

---

[7] These are pages 20, 21, 22, 25, and 26 out of 425 pages.  The remaining 420 pages were not filed.

and water helpful.  Id.  Assessment was tension headache.  Id. at 5.  Dr. Maguire opined Petitioner "has some features that are consistent with a tension headache and some other features that may be more suggestive of a migraine headache."  Id.  Petitioner was started on low-dose amitriptyline at night and instructed to follow up.  Id.

Petitioner's problem list with the VA included migraine as of January 20, 2023.  ECF No. 10 at 4.  Acetaminophen 65 mg "as needed for headache" was ordered and filled in January 2023.  Id. at 2.  No other records were provided to support this diagnosis or prescription.

On July 25, 2023, Petitioner saw Alissa Correll, M.D.  ECF No. 7 at 2.  Petitioner reported left flank/side pain that would worsen when lying down on it and with flexion and better with stretching.  Id.  Petitioner did not report or complain of migraines, shoulder injury, anaphylaxis, or chronic fatigue at this visit.  See id.  He was noted to have severe hepatic steatosis.  Id.  On physical examination, Petitioner exhibited tenderness in lumbar back, with no pain with flexion/extension.  Id. at 3-4.  Physical examination was otherwise unremarkable.  Id.  Petitioner "request[ed] to update all shots."  Id. at 2.  Dr. Correll noted he was due for his third HPV vaccination and Covid vaccine,[8] and both were administered during the visit.  Id. at 1-2, 4.

On October 9, 2023, Petitioner established care with Drs. Devam Maity and Abdullah Firoza Ahmed.  ECF No. 7 at 5-15.  Petitioner reported a past medical history of hypertension, depression, gynecomastia, and severe obesity.  Id. at 5.  In addition, Petitioner complained of dyspnea on exertion.  Id.  He reported "occasional shortness of breath on exertion," especially with stairs, over the past year as well as weight gain in the same timeframe.  Id.  Petitioner also reported "possible" sleep apneic events over the past year.  Id.  He "denied any complaints of headaches."  Id.  Petitioner reported a "small lump below his right ear, which ha[d] been giving him some issue for the past few months since . . . his HPV and COVID-vaccine."  Id. at 6.  "Reported that he had arm soreness, generalized body aches, headache, axillary lumps after the vaccine for couple of months which have now mostly resolved."  Id.  Lastly, he reported occasional "nausea, vomiting, diarrhea, constipation, fatigue, [and] muscle aches."  Id.

On examination, Petitioner was noted to be obese but was otherwise normal.  ECF No. 7 at 8.  Diagnoses included essential hypertension, depression, hepatic steatosis, severe obesity, and suspected sleep apnea.  Id. at 11-12.  Petitioner did not receive a diagnosis of migraines, shoulder injury, anaphylaxis, or chronic fatigue at this visit.  See id.

Petitioner provided a list of "current health issues," printed from his medical provider's online portal in May 2024.  ECF No. 8 at 1-2.  Migraines, shoulder injury, anaphylaxis, and chronic fatigue are not listed.  See id.  Petitioner also provided a list of medications prescribed in 2023, including ibuprofen 600 mg prescribed in December 2023 "as needed for [p]ain."  Id. at 3.  The location of the pain was not indicated.  See id.

No additional medical records have been provided.

---

[8] Petitioner may not recover for any alleged injury from a Covid vaccine as Covid vaccines are not covered under the Vaccine Injury Table.  42 C.F.R. § 100.3(a).  Additionally, Petitioner does not allege an injury from the Covid vaccine.

### 2.    Petitioner's Statements in His Status Reports

Petitioner filed two status reports, on July 16, 2024 and on August 21, 2024.

In his July 2024 status report, Petitioner wrote his injuries included "pain from shoulder, chronic migraines, chronic fatigue, [and] chronic arthritis (arm, leg, & shoulder)" as a result of the HPV vaccine. Pet. July Status Rept. at 1. Petitioner also reported this claim was filed "for a vaccine defect that caused injury to [Petitioner] from June 2017-present day." Id. Further, Petitioner reported he has had "recurring symptoms . . . from pain that lasted more than [six] months." Id. Lastly, Petitioner noted "[a]ll necessary documents have been submitted by [P]etitioner to the court to support his claim." Id. at 2.

Petitioner's August 2024 status report stated he attached medical records to his status report; however, none were included in his mailing. Pet. Aug. Status Rept. at 1.

## III.    DISCUSSION

### A.    Statute of Limitations Under the Vaccine Act

Section 16(a)(2) of the Vaccine Act governs claims resulting from vaccines administered after October 1, 1988, and reads,

> if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury.

§ 16(a)(2). Therefore, claims resulting from vaccines administered after October 1, 1988 must be filed within 36 months of the first symptom or manifestation of onset of the alleged vaccine-related injury. The statute of limitations begins to run from the onset of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis. Carson v. Sec'y of Health & Hum. Servs., 727 F.3d 1365, 1369 (Fed. Cir. 2013). Special masters have dismissed cases in which the petition was filed one day outside of the limitations period. See, e.g., Spohn v. Sec'y of Health & Hum. Servs., No. 95-0460V, 1996 WL 532610 (Fed. Cl. Spec. Mstr. Sept. 5, 1996), aff'd 132 F.3d 52 (Fed. Cir. 1997); Cakir v. Sec'y of Health & Hum. Servs., No. 151474V, 2018 WL 4499835, at *4 (Fed. Cl. Spec. Mstr. July 12, 2018).

Here, Petitioner alleges injury resulting from all three of his HPV vaccines, administered June 1, 2017, November 8, 2017, and July 25, 2023. In a status report from July 2024, Petitioner placed onset of symptoms in June 2017. Thus, Petitioner would have had until June 2020 ("36 months after the date of the occurrence of the first symptom or manifestation of onset") to file a petition alleging any injury that began in June 2017.

Petitioner filed this petition in May 2024, almost four years are the expiration of the statute of limitations. Assuming that the alleged injuries manifested in June 2017 as Petitioner states, such injuries/claims are time-barred.

Because Petitioner filed his petition on May 13, 2024, he may only recover for injuries that manifested within 36 months prior, or no earlier than May 13, 2021. See § 16(a)(2), 36 months prior would be May 13, 2021. Petitioner does not allege any injuries with an onset after May 13, 2021. Thus, any claims arising from Petitioner's first two HPV vaccinations in June 2017 and November 2017 are time-barred.

Therefore, the statute of limitations precludes claims arising out of Petitioner's HPV vaccinations on June 1, 2017 and November 8, 2017. However, an alleged injury stemming from Petitioner's July 2023 HPV vaccination is not time-barred.

### B.    Alleged Injuries

Petitioner alleges he suffered migraines, shoulder injury, anaphylaxis, and chronic fatigue as a result of his HPV vaccines. Petition at 1; Am. Petition at 1. The undersigned will address each of these in turn.

Federal Circuit precedent establishes that it is appropriate to first determine the nature of an injury in certain cases. Broekelschen v. Sec'y of Health & Hum. Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). A petitioner must provide preponderant evidence that an injury occurred in order to prevail for said injury.

### 1.    Shoulder Injury and Anaphylaxis

Here, the medical records do not provide preponderant evidence that Petitioner suffered shoulder injury or anaphylaxis[9] as a result of a vaccination.

First, the medical records do not document Petitioner received a diagnosis of a shoulder injury. Petitioner complained of "arm soreness . . . after the vaccine for a couple of months" at a visit in October 2023. ECF No. 7 at 6. However, no objective findings were documented to substantiate Petitioner's complaint. And Petitioner reported the "arm soreness" had "mostly resolved" by the time of the visit in October 2023. Id.

Second, Petitioner's medical records do not contain a diagnosis or signs/symptoms of anaphylaxis.

---

[9] Anaphylaxis is "a type I hypersensitivity reaction in which exposure of a sensitized individual to a specific antigen or hapten results in urticaria, pruritus, and angioedema, followed by vascular collapse and shock and often accompanied by life-threatening respiratory distress." Anaphylaxis, Dorland's Med. Dictionary Online, https://www.dorlandsonline.com/dorland/definition?id=2577 (last visited Feb. 27, 2025). Shortness of breath on exertion is not anaphylaxis.

Under the Vaccine Act, Petitioner cannot establish entitlement to compensation based solely on his assertions; rather, a vaccine claim must be supported either by medical records or by the opinion of a medical doctor. § 13(a)(1). There is no evidence other than Petitioner's assertions in his petition and amended petition that he suffered a shoulder injury or anaphylaxis.

Furthermore, to be entitled to compensation, Petitioner must show he

(i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than [six] months after the administration of the vaccine, or (ii) died from the administration of the vaccine, or (iii) suffered such illness, disability, injury, or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention.

§ 11(c)(1)(D).

Here, the medical records do not support a finding that Petitioner has "suffered the residual effects" of a shoulder injury or anaphylaxis "for more than [six] months after the administration of the vaccine." § 11(c)(1)(D)(i). Petitioner's HPV vaccination was administered on July 25, 2023. Petitioner reported "arm soreness . . . after the vaccine for a couple of months." ECF No. 7 at 6. Thus, if Petitioner's onset of "arm soreness" was "after the vaccine," presumably within a few days of vaccination, Petitioner would be required to provide preponderant evidence that he was still experiencing onset more than six months after onset, or past January 25, 2024. Only one medical record, in October 2023, records a complaint of "arm soreness," which Petitioner reported was "mostly resolved" at the time of that visit. Id. No medical record documented any complaints or findings relating to the shoulder.

The medical records also do not support a finding that Petitioner "suffered such illness, disability, injury, or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention." § 11(c)(1)(D)(iii). No hospitalization or surgical records were provided.

Overall, there is no evidence in Petitioner's medical records establishing that he was diagnosed with a shoulder injury or anaphylaxis, or that he suffered the residual effects of said alleged injuries for more than six months, or that said injuries resulted in an inpatient hospitalization and surgical intervention. Thus, the undersigned finds that Petitioner has failed to provide preponderant evidence of a cognizable injury and has failed to meet the severity requirement under the Vaccine Act. Therefore any claim arising from this vaccine and injuries must be dismissed.

## 2.    Migraines

With regard to Petitioner's alleged injury of migraines, the medical records show Petitioner complained of migraines/headaches in July 2021, two years prior to receiving the July 2023 HPV vaccination.

In January 2023, seven months prior to the HPV vaccination, migraines were added to Petitioner's VA "problem list;" however, no medical records were filed showing that Petitioner received a diagnosis of migraines or that he was treated for migraines.

At his October 2023 visit, three months after his July 2023 vaccination, Petitioner mentioned he had headaches and that they were "now resolving." ECF No. 7 at 6. He also "denied any complaints of headaches" at this visit. Id. at 5. Petitioner's diagnoses at this visit did not include headaches or migraines, nor did Petitioner's treating physician discuss Petitioner's complaints of headaches/migraines. Furthermore, Petitioner's HPV vaccinations were not noted or discussed at this visit.

Overall, Petitioner complained of migraines/headaches prior to vaccination and after vaccination.[10]

Similar to Petitioner's alleged injuries of shoulder injury and anaphylaxis, there is no medical record evidence showing Petitioner suffered from headaches/migraines "for more than [six] months after the administration of the vaccine." § 11(c)(1)(D)(i). In fact, Petitioner "denied any complaints of headaches" in October 2023, three months after vaccination. ECF No. 7 at 5.

Nor is there medical record evidence to support Petitioner "suffered [migraines] from the vaccine which resulted in inpatient hospitalization and surgical intervention." § 11(c)(1)(D)(iii). Again, no hospitalization or surgical records were provided.

Therefore, the undersigned finds that Petitioner has failed to provide preponderant evidence to meet the severity requirement under the Vaccine Act. Any claim arising from this vaccine and injury must be dismissed.

### 3.   Chronic Fatigue

Similarly, Petitioner's medical records document complaints of fatigue in June 2020, three years prior to his July 2023 HPV vaccination.[11] However, he did not receive a diagnosis of fatigue nor were there any objective findings consistent with fatigue. In October 2023, three months after his July 2023 HPV vaccination, Petitioner also mentioned occasional fatigue.

The undersigned finds the medical records do not support a finding that Petitioner suffered from fatigue. Petitioner cannot establish entitlement to compensation based solely on his assertions. § 13(a)(1).

---

[10] Even if Petitioner alleged the HPV vaccines significantly aggravated his migraines, Petitioner still would not prevail. The statute defines "significant aggravation" as "any change for the worse in a pre-existing condition which results in markedly greater disability, pain, or illness accompanied by substantial deterioration in health." § 33(4). Petitioner has not established by preponderant evidence "any change for the worse."

[11] See supra note 10.

Nor do the medical records support a finding that Petitioner suffered from fatigue "for more than [six] months after the administration of the vaccine" or that fatigue "resulted in inpatient hospitalization and surgical intervention." § 11(c)(1)(D)(i), § 11(c)(1)(D)(iii). Therefore, Petitioner has failed to provide preponderant evidence to meet the severity requirement under the Vaccine Act. Any claim arising from this vaccine and injury must be dismissed.

### 4.    Any Other Condition or Injury

Petitioner has not provided evidence that he suffered any injury as a result of his July 2023 HPV vaccination that satisfy the severity requirement in the Vaccine Act. Petitioner did not file any medical records after October 2023, three months after his third HPV vaccination. Petitioner averred that all medical records were provided and filed. See Order dated Oct. 9, 2024, at 2; Pet. July Status Rept. at 2 ("All necessary documents have been submitted by [P]etitioner to the court to support his claim.").

### C.    Failure to Prosecute

When a petitioner fails to comply with court orders to prosecute his case, the court may dismiss the case. Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Vaccine Program cases that have been dismissed for failure to respond to an Order to Show Cause include but are not limited to: Byrd v. Sec'y of Health & Hum. Servs., 778 F. App'x 924 (Fed. Cir. 2019); Ghasemipor v. Sec'y of Health & Hum. Servs., No. 20-17V, 2020 WL 7497878 (Fed. Cl. Spec. Mstr. Nov. 23, 2020); Flores v. Sec'y of Health & Hum. Servs., No. 20-157V, 2020 WL 5798502 (Fed. Cl. Spec. Mstr. Sept. 2, 2020); Button ex rel. W.S.B. v. Sec'y of Health & Hum. Servs., No. 16-1391V, 2017 WL 2876099 (Fed. Cl. Spec. Mstr. June 5, 2017); Duncan v. Sec'y of Health & Hum. Servs., No. 16-1367V, 2020 WL 6738118 (Fed. Cl. Spec. Mstr. Oct. 19, 2020), mot. for rev. denied, 153 Fed. Cl. 642 (2021).

Here, Petitioner has failed to comply with the Court's Order to show cause, directing Petitioner to medical records or other evidence showing why his petition should not be dismissed. Thus, the undersigned dismisses Petitioner's case for failure to prosecute.

## IV.    CONCLUSION

Accordingly, this case is **DISMISSED** for insufficient evidence and for failure to prosecute. In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master